Archibald C. Wemple, J.
The defendant-appellant, through his attorney, contended that the testimony did not support the charge; that there was a serious question concerning identification of the defendant; that the testimony of one of the People’s witnesses was subject to question as to relevancy; that there was no definite estimate of the speed of the car; and that there was reversible' error in the examination of the defendant by the District Attorney.
The assistant district attorney, Duncan S. McNab, Esq., who tried the case before the Justice of the Peace and argued the appeal, contended that the People’s witnesses could not estimate the speed inasmuch as they were not race-track drivers and that the speed of the offending car was too fast. The assistant district attorney also argued that there could be no charge against the defendant for speeding because there was no evidence of clocking the defendant.
The attorney for the defendant-appellant filed a brief. The District Attorney stood on the record.
Without going into all of the matters raised by the defendant-appellant in his argument and his brief, a careful reading of the testimony in this case reveals a startling lack of identification of the defendant as the operator of the car at the time and place in question at such a dangerous rate of speed so as to endanger the life, limb and property of another. Indeed, neither of the People’s witnesses could identify the type of car operated by the defendant nor did they have any identification of license number until after the defendant was in the custody of the Amsterdam police.
Reasonable doubt is that doubt which a man of reason and a man exercising reason may have as to the guilt of the defendant. The testimony of the arresting officer relating to the identification of the defendant or his car was, at most, vague. The information, page 7, lines 3 through 13, reads as follows:
“ Q. At that time, what was your impression of the description of the car?
“ A. I thought the car to be a Cadillac convertible.
*737 “ Q. Were you able to observe people in it?
“ A. No.
“ Q. You were unable to tell how many people were in it? “A. No.
“ Q. Were you able to observe the license number?
“ A. No.
“ Q. Did you continue to keep the car in sight?
“ A. No.”
Under the circumstances, the judgment of conviction is reversed and the fine of $50 is restored to the defendant-appellant.
Submit order.